# THE UNITED STATES DISTRICT COURT

FOR THE DISTRIC OF PUERTO RICO

**UNITED STATES OF AMERICA -**

Plaintiff,    -        CRIMINAL NO.99-CR-273-02(JAF)

V.    -

Manuel Duran Pimentel    -

**MOTION TO REQUEST MODIFICATION OF SUPERVISE RELEASE**

**TO THE HONORABLE JOSE ANTONIO FUSTE**

UNITED STATES DISTRIC COURT JUDGE FOR THE DISTRICT OF PUERTO RICO

**NOW COMES** Defendant/Petitioner MANUEL DURAN PIMENTEL, acting pro-se and very respectfully request this Honorable Court for Modification of Supervise Release pursuant to Title 18 USC (e) (1) and Federal Rules of Criminal Procedures, Rule 32.1 (b).

1- Jurisdiction for this Court to entertain this motion is in Title 18 USC section 3582, wherein the Court retains authority to modify the non imprisonment of supervise release at any time prior to the time expiration of said terms.

**United States of America v.**                    **Criminal No. 99-CR273-02(JAF)**

**Manuel Duran Pimentel**                          **Page 2**

2- The Defendant/Petitioner was sentenced by this Court to 97 months of incarceration And a term of 5 years of Supervise Release on November 08, 2000 for a violation of Title 21USC:841 (a)(1), the Petitioner served his incarceration at FPC Pensacola, while the Petitioner was an inmate at the Bureau of Prisons, his record was impeccable and rated with outstanding score.

3- Since being released from FPC Pensacola, the Petitioner served 6 months at the Community Correction Center in Tampa, Florida. While under this CCC Program the Petitioner was required to oblige himself to the rules and regulations of the Community Correction Manager. The Petitioner successfully completed the CCC program.

4- The Petitioner commenced his 5 years of supervised release on the 27th of January 2006. Mrs. Marilyn Stephens Taylor has been his Probation Officer during the last 21 months and has met all conditions of his supervised release to include: reporting on time, providing all required written documentation, remaining gainfully employed, not associating with anyone with a criminal record, did not possess or have access to fire arms, did not possess or used illegal drugs and did not engage in any criminal activities, or get arrested.

5- The Petitioner has been travelling to Puerto Rico for personal reasons for the last 14 months, complying with all Probation Officer reports.

United States of America v.                    Criminal No. 99-CR273-02(JAF)

Manuel Duran Pimentel                          Page 3

6- Federal Sentencing Guidelines 5B1. 4, enumerates a list of thirteen "standard" conditions of supervise release. In determining whether a "standard condition" is applicable to a specific defendant Title 18 USC section 3553 (a) is referred by the Guidelines as a description of factors to be relied upon.

7- Factors to be considered in Title 18 USC section 3553 (a) in determining the terms and conditions of Supervise Release are prefaced with: : **" The Court Shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth… "(Emphasis added).**

8- Title 18 section 3583 (e) provides**: "That the Court after considering the factors set forth in section 3553 (a) (1), (a)(2)(c),(a)(2)(d),(a)(5) and (a)(6).**

**(1)"Terminate a term of supervise release and discharge the person at any time after one year of supervise release, pursuant to the provisions of the Federal Rules of Criminal Procedures relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the person and the interest of justice"**

9- Rule 32.1 (b) of the Federal Rules of Criminal Procedure governs the mechanism for obtaining a **Modification of Supervise Release.** The advisor committee notes to the Federal Rules of Criminal Procedure 32.1 (B), provides some guidance to the Court on this issue.

United States of America v.                    Criminal No. 99-CR273-02(JAF)

Manuel Duran Pimentel                          Page 4


It states in part:

**"Probation conditions should be subject to modification, for the sentencing Court must be able to respond to the changes in the Probationers circumstances as well as new ideas and methods of rehabilitation. See generally, ABA Standard section 3.3  The sentencing Court is given the authority to shorten the term or end probation early upon its own motion without hearing ..."**


10- The Petitioner submits the he has met the minimal requirements of Title 18 USC 3583 (e)(1); the Petitioner served a minimum of one year on supervised release and has met the minimal thereshold requirements. Indeed the Petitioner has convincingly demonstrated to this Court and to the Bureau of Prisons his good conduct. The Bureau of Prisons classifies the Petitioner as a low level security during his period of incarceration, the petitioners work records was excellent and lastly the Petitioner was found to be qualified during his last months of incarceration for half way house/home confinement placement.


11- Moreover, the Petitioner submits that his conduct while on supervise release abiding to all thirteen conditions of his probation, makes him an excellent candidate to qualify for modification of his supervise release.


12- The Petitioner request this action to allow him the opportunity to broaden is career goals, seek better opportunities and security for his family, and resume the normalcy of life as a good citizen. These reasons are consistent with Title 18 USC section 3553 (a)(2).

**United States of America v.**   **Criminal No. 99-CR273-02(JAF)**

**Manuel Duran Pimentel**   **Page 5**


13- Therefore, the Petitioner prays this Court to modify his term of supervise release to 21 months, or alternatively up to the day the Court order is entered and terminates the remaining period of supervise release.

United States of America v.                        Criminal No. 99-CR273-02(JAF)

Manuel Duran Pimentel                              Page 6

**RESPECTFULLY SUBMITTED** this day 24th of September, 2007

Manuel Duran Pimentel

2524 Preserve Ct

Mulberry, Florida 33860

813-326-7197

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this date a true and correct copy of the foregoing was sent via first class mail to: Antonio Bazan, Esq

    Federal Office Blg.

    Room 452

    159 Carlos Chardon Avenue

    San Juan, Puerto Rico 00918